QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Robert W. Stone (CA Bar No. 163513)
  robertstone@quinnemanuel.com
  Andrew J. Bramhall (CA Bar No. 253115)
  andrewbramhall@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
T:  650.801.5000
F:  650.801.5100

Attorneys for IBM CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TWIN PEAKS SOFTWARE INC., <br><br> Plaintiff, <br><br> vs. <br><br> IBM CORPORATION, <br><br> Defendant. | CASE NO. 3:14-cv-03933-EDL <br><br> **DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

Defendant International Business Machines Corporation ("IBM"), by and through its attorneys, hereby answers the Complaint for Infringement for U.S. Patent No. 7,418,439 ("Complaint") of Plaintiff Twin Peaks Software Inc. ("Plaintiff" or "Twin Peaks").

**PARTIES**

1.     IBM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint, and therefore denies them.

2.     IBM admits the allegations of paragraph 2 of the Complaint.

00889.00007/6281439.2

-1-                                              Case No. 3:14-cv-03933-EDL
IBM'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

**JURISDICTION AND VENUE**

3. IBM admits the allegations of paragraph 3 of the Complaint.

4. IBM does not contest, for purposes of this action, that this Court has personal jurisdiction over IBM and that venue is proper in this Court. IBM denies the remaining allegations contained in paragraph 4 of the Complaint.

**INTRADISTRICT ASSIGNMENT**

5. IBM admits the allegations of paragraph 5 of the Complaint.

**BACKGROUND**

6. IBM admits that United States Patent No. 7,418,439 ("the '439 Patent") entitled "Mirror File System" indicates on its face that it was issued on August 26, 2008. IBM further admits that the '439 Patent indicates on its face that the inventor is John P. Wong and that a copy of the '439 Patent is attached as Exhibit A to the Complaint. IBM denies the remaining allegations contained in paragraph 6 of the Complaint.

7. IBM admits that the '439 Patent indicates on its face that Twin Peaks is the original assignee. IBM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 7 of the Complaint and therefore denies them.

8. IBM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint and therefore denies them.

9. The allegations in paragraph 9 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, IBM admits that under 35 U.S.C. § 282, patents shall be presumed valid.

10. IBM admits that it sells, or has sold, products marketed under the names Scale Out Network Attached Storage (SONAS), Storwize V7000, and IBM GPFS. IBM admits that Active Cloud Engine, Active File Management, and Automated File Management are features or utilities associated with certain IBM products. IBM denies the remaining allegations contained in paragraph 10 of the Complaint.

11. IBM denies the allegations contained in paragraph 11 of the Complaint.

00889.00007/6281439.2

-2-   Case No. 3:14-cv-03933-EDL
IBM'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

12. IBM admits that the '439 Patent was cited by the examiner in the prosecution of U.S. Patent No. 8,028,113 on or around May 24, 2010.  IBM further admits that the '439 Patent was cited by the examiner in the prosecution of U.S. Patent No. 8,392,477 on or around May 12, 2011.  IBM further admits that the patent number was provided in 2008 and 2010.  IBM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 12 of the Complaint, and therefore denies them.

13. IBM denies the allegations contained in paragraph 13 of the Complaint.

14. IBM denies the allegations contained in paragraph 14 of the Complaint.

## COUNT I
### (Patent Infringement)
### (U.S. Patent No. 7,418,439)

15. IBM's answers to paragraphs 1-14 are incorporated herein by reference.

16. IBM admits that the '439 Patent indicates on its face that Twin Peaks is the original assignee.  IBM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 16 of the Complaint, and therefore denies them.

17. IBM denies the allegations contained in paragraph 17 of the Complaint.

18. IBM denies the allegations contained in paragraph 18 of the Complaint.

19. IBM denies the allegations contained in paragraph 19 of the Complaint.

20. IBM denies the allegations contained in paragraph 20 of the Complaint.

21. IBM denies the allegations contained in paragraph 21 of the Complaint.

22. IBM denies the allegations contained in paragraph 22 of the Complaint.

## PRAYER FOR RELIEF

23. IBM denies that Plaintiff is entitled to any of the relief set forth in the Prayer For Relief in the Complaint.

24. IBM denies each and every allegation not specifically admitted in this Answer.

00889.00007/6281439.2

-3-   Case No. 3:14-cv-03933-EDL
IBM'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

**AFFIRMATIVE DEFENSES**

25. Further answering the Complaint, and as additional defenses thereto, IBM asserts the following Affirmative Defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiff.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Cause of Action)**

26. The Complaint fails to state a cause of action against IBM upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Non-infringement)**

27. No product IBM manufactures, makes, has made, uses, practices, imports, supports, provides, supplies, distributes, sells, or offers to sell infringes any asserted claim of the '439 Patent.

28. IBM has neither contributed to, nor induced another party's infringement of, any asserted claim of the '439 Patent.

29. IBM has not infringed and does not infringe any asserted claim of the '439 Patent.

**THIRD AFFIRMATIVE DEFENSE**
**(Invalidity)**

30. Each asserted claims of the '439 Patent is invalid under Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 133, 200 *et seq.*, and 301 *et seq.*

**FOURTH AFFIRMATIVE DEFENSE**
**(Laches and Estoppel)**

31. Plaintiff's claims against IBM regarding the '439 patent are barred, in whole or in part, by the doctrines of laches and/or estoppel.

**FIFTH AFFIRMATIVE DEFENSE**
**(Prosecution History Estoppel and Disclaimer)**

32. Plaintiff is estopped from asserting its infringement claims against IBM under the doctrines of prosecution history estoppel and/or prosecution disclaimer.

**SIXTH AFFIRMATIVE DEFENSE**
**(Damages Limited By Statute)**

33. Plaintiff's claims for damages are limited by 28 U.S.C. §§ 286, 287, and/or 288.

**IBM'S COUNTERCLAIMS**

34. As counterclaims against Twin Peaks, IBM alleges as follows:

**JURISDICTION AND VENUE**

35. These counterclaims are for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202. The Court has jurisdiction over these counterclaims as a controversy exists by virtue of Plaintiff's claims recited in its Complaint.

36. These counterclaims arise under the United States Patent Laws, 35 U.S.C. §§ 101, 102, 103, 112, 133, 200 *et seq.*, and 301 *et seq.* The court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1400(b).

37. This Court has personal jurisdiction over Twin Peaks on the basis that Twin Peaks has submitted itself to the Court's jurisdiction by filing its Complaint in this Court. The exercise of jurisdiction over Twin Peaks would be reasonable.

38. Twin Peaks has admitted that venue is proper in this Judicial District.

**THE PARTIES**

39. International Business Machines Corporation is a New York corporation with its principal place of business at 1 New Orchard Road, Armonk, New York 10504.

40. In its Complaint, Twin Peaks purports to be a California corporation with its principal place of business at 46560 Fremont Blvd., Suite 103, Fremont, CA 94538.

**FIRST COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of the '439 Patent)**

41. IBM incorporates by reference the responses and allegations set forth in paragraphs 1-40 of this Answer and Counterclaims.

42. The '439 Patent is invalid for failure to comply with the requirements of Title 35 of the U.S. Code, including at least 35 U.S.C. §§ 101, 102, 103, 112, 133, 200 *et seq.*, and 301 *et seq.*

43. IBM seeks a judgment declaring that the claims of the '439 Patent are invalid.

00889.00007/6281439.2

-5-   Case No. 3:14-cv-03933-EDL
IBM'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Non-infringement of the '439 Patent)

44. IBM incorporates by reference the responses and allegations set forth in paragraphs 1 - 43 of this Answer and Counterclaims.

45. No product IBM manufactures, makes, has made, uses, practices, imports, supports, provides, supplies, distributes, sells, or offers to sell infringes the '439 Patent.

46. IBM has neither contributed to, nor induced, another party's infringement of the '439 Patent.

47. IBM seeks a judgment declaring that the claims of the '439 Patent are not, and have not been, infringed by IBM.

## PRAYER FOR RELIEF

WHEREFORE, IBM prays for judgment and relief as follows:

A. Declaring that the '439 Patent is invalid;

B. Entering judgment that the asserted claims of the '439 Patent are not infringed, either directly or indirectly, by IBM and that Plaintiff is not entitled to damages or injunctive relief;

C. Permanently enjoining Plaintiff from asserting against IBM any claim of patent infringement with respect to the '439 Patent;

D. Entering judgment that this is an exceptional case under 35 U.S.C. § 285 and awarding IBM its costs and attorneys' fees; and

E. Awarding IBM such further and additional relief as the Court deems just and proper.

## JURY DEMAND

IBM demands a jury trial on all matters so triable.

00889.00007/6281439.2

-6-   Case No. 3:14-cv-03933-EDL
IBM'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

| | | |
|---|---|---|
| 1 | DATED: October 23, 2014 | Respectfully submitted, |
| 2 | | QUINN EMANUEL URQUHART & |
| 3 | | SULLIVAN, LLP |
| 4 | | |
| 5 | | By: */s/ Robert W. Stone* |
| 6 | | Robert W. Stone |
| 7 | | Attorney for International Business Machines Corporation |

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5 on October 23, 2014.  As such, this **DEFENDANT INTERNATIONAL BUSINESS MACHINES CORP.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT** was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5-1(h)(1).  Pursuant to Fed. R. Civ. P. 5(b) and 5(d) and Local Rule CV-5-1(h)(2), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by facsimile and/or U.S. First Class Mail.

By: */s/ Robert W. Stone*
Robert W. Stone

00889.00007/6281439.2

-1-   Case No. 3:14-cv-03933-EDL
IBM'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT