BRUCE J. WECKER (CA Bar. No. 078530)
bwecker@hausfeldllp.com
CHRISTOPHER L. LEBSOCK (CA Bar
No.184546)
clebsock@hausfeldllp.com
**HAUSFELD LLP**
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Tel: (415) 633-1908
Fax: (415) 358-4980

Robert W. Stone (CA Bar No. 163513)
robertstone@quinnemanuel.com
Andrew J. Bramhall (CA Bar No. 253115)
andrewbramhall@quinnemanuel.com
Brice C. Lynch (CA Bar No. 288567)
bricelynch@quinnemanuel.com
**QUINN EMANUEL URQUHART &**
**SULLIVAN, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel: 650.801.5000
Fax: 650.801.5100

*Attorneys for Plaintiff Twin Peaks Software Inc.*   *Attorneys for Defendant IBM Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

|  |  |
|---|---|
| TWIN PEAKS SOFTWARE INC., a California company<br><br>Plaintiff,<br><br>vs.<br><br>IBM CORPORATION, a New York corporation,<br><br>Defendant. | Case No. 3:14-cv-03933-JST<br><br>**STIPULATED & [PROPOSED]**<br>**PROTECTIVE ORDER FOR LITIGATION**<br>**INVOLVING PATENTS, HIGHLY**<br>**SENSITIVE CONFIDENTIAL**<br>**INFORMATION AND/OR TRADE SECRETS** |

## 1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Twin Peaks Software Inc. ("Twin Peaks") and IBM Corporation ("IBM") ("collectively, the parties") hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. **DEFINITIONS**

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of the medium or manner in which it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staffs).

2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE".

2.5     <u>Disclosure or Discovery Material</u>: all items or information (regardless of the medium or manner in which it is generated, stored, or maintained), including, among other things, testimony, transcripts, and tangible things, that are produced or generated in disclosures or responses to discovery in this matter.

2.6     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     <u>"HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     <u>"HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY– SOURCE CODE" Information or Items</u>: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms, functions, or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     <u>House Counsel</u>: attorneys who are employees of a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.12    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY–SOURCE CODE."

2.16   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.   <u>SCOPE</u>**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.   <u>DURATION</u>**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the

completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.**     **DESIGNATING PROTECTED MATERIAL**

5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"  or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'

1   EYES ONLY– SOURCE CODE" (or equivalent legend) to each page that contains Protected

2   Material.  If only a portion or portions of the material on a page qualifies for protection, the

3   Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

4   markings in the margins) and must specify, for each portion, the level of protection being asserted.

5          A Party or Non-Party that makes original documents or materials available for inspection

6   need not designate them for protection until after the inspecting Party has indicated which material

7   it would like copied and produced.  During the inspection and before the designation, all of the

8   material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE

9   ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants

10  copied and produced, the Producing Party must determine which documents, or portions thereof,

11  qualify for protection under this Order.  Then, before producing the specified documents, the

12  Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

13  CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

14  OUTSIDE ATTORNEYS' EYES ONLY– SOURCE CODE" or equivalent legend) to each page

15  that contains Protected Material.  If only a portion or portions of the material on a page qualifies

16  for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by

17  making appropriate markings in the margins) and must specify, for each portion, the level of

18  protection being asserted.

19          (b)      for testimony given in deposition or in other pretrial or trial proceedings,

20  that the Designating Party identify on the record, before the close of the deposition, hearing, or

21  other proceeding, all protected testimony and specify the level of protection being asserted.  When

22  it is impractical to identify separately each portion of testimony that is entitled to protection and it

23  appears that substantial portions of the testimony may qualify for protection, the Designating Party

24  may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right

25  to have up to 21 days to identify the specific portions of the testimony as to which protection is

26  sought and to specify the level of protection being asserted.  Only those portions of the testimony

27  that are appropriately designated for protection within the 21 days shall be covered by the

28  provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at

the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c)      for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY– SOURCE CODE" or equivalent legend.  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3      Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's

right to secure protection under this Order for such material.  Upon timely correction of a

designation, the Receiving Party must make reasonable efforts to assure that the material is treated

in accordance with the provisions of this Order.

**6.**     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of

confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

challenge a confidentiality designation by electing not to mount a challenge promptly after the

original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution

process by providing written notice of each designation it is challenging and describing the basis

for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written

notice must recite that the challenge to confidentiality is being made in accordance with this

specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in

good faith and must begin the process by conferring directly (in voice to voice dialogue; other

forms of communication are not sufficient) within 14 days of the date of service of notice. In

conferring, the Challenging Party must explain the basis for its belief that the confidentiality

designation was not proper and must give the Designating Party an opportunity to review the

designated material, to reconsider the circumstances, and, if no change in designation is offered, to

explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage

of the challenge process only if it has engaged in this meet and confer process first or establishes

that the Designating Party is unwilling to participate in the meet and confer process in a timely

manner.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court

intervention, the Designating Party shall file and serve a motion to retain confidentiality under

Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if

applicable) within 21 days of the initial notice of challenge or within 14 days of the parties

1   agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each

2   such motion must be accompanied by a competent declaration affirming that the movant has

3   complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by

4   the Designating Party to make such a motion including the required declaration within 21 days (or

5   14 days, if applicable) shall automatically waive the confidentiality designation for each

6   challenged designation.  In addition, the Challenging Party may file a motion challenging a

7   confidentiality designation at any time if there is good cause for doing so, including a challenge to

8   the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to

9   this provision must be accompanied by a competent declaration affirming that the movant has

10   complied with the meet and confer requirements imposed by the preceding paragraph.

11        The burden of persuasion in any such challenge proceeding shall be on the Designating

12   Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

13   unnecessary expenses and burdens on other parties) may expose the Challenging Party to

14   sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to

15   file a motion to retain confidentiality as described above, all parties shall continue to afford the

16   material in question the level of protection to which it is entitled under the Producing Party's

17   designation until the court rules on the challenge.

18   **7.**     **ACCESS TO AND USE OF PROTECTED MATERIAL**

19        7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or

20   produced by another Party or by a Non-Party in connection with this case only for prosecuting,

21   defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to

22   the categories of persons and under the conditions described in this Order.  When the litigation has

23   been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL

24   DISPOSITION).

25        Protected Material must be stored and maintained by a Receiving Party at a location in the

26   United States and in a secure manner that ensures that access is limited to the persons authorized

27   under this Order.  When disclosure of Protected Material is to be made to any person who, as

28   provided herein, is required to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit

A), a copy of the executed "Acknowledgment and Agreement to Be Bound" shall be served on the Outside Counsel of Record for the respective Designating Party.

7.2   Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)   up to two officers, directors, and/or employees (including House Counsel) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the court and its personnel;

(e)   court reporters and their staff;

(f)   professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h)   any designated or agreed-upon arbitrator or mediator who is assigned to hear this matter (and his or her staff) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3   Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY –SOURCE CODE" Information or Items.  Unless otherwise ordered by the court or permitted in writing by

the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who do not engage in competitive decision-making[1] related to the "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" Information or Items to be accessed by that person;

(b)  up to two Designated House Counsel of the Receiving Party (1) who have no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;

(c)  Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(d)  the court and its personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

---

[1]  The Federal Circuit has defined "competitive decision-making" as: "[S]horthand for a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." *In re Deutsche Bank Trust Co. Ams.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010) (quoting *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 n. 3 (Fed. Cir. 1984)).

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h)    any designated or agreed-upon arbitrator or mediator who is assigned to hear this matter (and his or her staff) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.4    <u>Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" Information or Items Pursuant to Paragraphs 7.2(b) or 7.3.</u>

(a)    Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose any information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" pursuant to paragraphs 7.2(b) or 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" information that the Receiving Party seeks permission to disclose, (2) sets forth the full name of the person to receive the Protected Materials and the city and state of his or her primary residence, (3) attaches a copy of the proposed recipient's current resume, (4) identifies the proposed recipient's current employer(s) and corresponding job description, (5) identifies each person or entity from whom the proposed recipient has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the proposed recipient has offered testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)      A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the proposed recipient unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)      A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the proposed recipient is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to the proposed recipient.

## 8.      PROSECUTION BAR

Absent written consent from the Producing Party, any individual affiliated with Twin Peaks (including without limitation employees, consultants, and House and Outside Counsel) who receives access to IBM's "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to file systems, file system architecture, and/or data storage, replication, and/or mirroring, including without limitation the patent(s) asserted in this action and any patent or application

1   claiming priority to or otherwise related to the patent(s) asserted in this action, before any foreign

2   or domestic agency, including the United States Patent and Trademark Office ("the Patent

3   Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting,

4   amending, advising, or otherwise affecting the scope or maintenance of patent claims.  This

5   Prosecution Bar shall begin when access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

6   – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE

7   ATTORNEYS' EYES ONLY – SOURCE CODE" information is first received by the affected

8   individual and shall end two (2) years after final termination of this action, including any appeals.

9   **9.     SOURCE CODE**

10          (a)     To the extent production of source code or similarly sensitive materials

11  becomes necessary in this case, a Producing Party may designate source code as "HIGHLY

12  CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" if it comprises

13  or includes confidential, proprietary or trade secret source code or similarly sensitive materials

14  such as, without limitation, confidential, proprietary or trade secret designs, schematics, recipes,

15  software programs, and the like.

16          (b)     Protected Material designated as "HIGHLY CONFIDENTIAL – OUTSIDE

17  ATTORNEYS' EYES ONLY – SOURCE CODE" shall be subject to all of the protections

18  afforded to "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information

19  including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the

20  individuals to whom "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"

21  information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

22          (c)     Any source code produced in discovery shall be made available for

23  inspection, in a format allowing it to be reasonably reviewed and searched, during normal business

24  hours or at other mutually agreeable times, at a Northern California office of the Producing Party's

25  counsel or another mutually agreed upon location.  The source code shall be made available for

26  inspection on a secured computer in a secured room without Internet access or network access to

27  other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion

28  of the source code onto any recordable media or recordable device.  The Producing Party may

visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d)     The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance.  The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."  Prior to providing the requested paper copies to the Requesting Party, the Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form.  The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area.  The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format.  The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case.  Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

**10.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[2]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 11.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE".  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

---

[2]   The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[3]  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 12.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

---

[3] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

        If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the Party making the claim may notify any Party that received the information of the claim and the basis for it.  After being notified, a Party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved.  This includes a restriction against presenting the information to the court for a determination of the claim.  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

**14.    MISCELLANEOUS**

        14.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

        14.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

        14.3    Export Control.  Disclosure of Protected Material shall not be made to any person or any location outside the United States other than Outside Counsel absent written consent from the Producing Party.

        14.4    Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the

specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

## 15.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party, upon written request by the Producing Party or Designating Party within the 60-day period, must submit thereto a written certification no later than 30 days following the expiration of the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial and hearing transcripts, legal memoranda, correspondence, trial exhibits, and attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

1       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3  DATED: April 28, 2015               Respectfully submitted,

                                        HAUSFELD LLP

4

5                                     */s/ Bruce Wecker*
                                      Bruce Wecker

6                                      *Attorneys for Plaintiff Twin Peaks Software Inc.*

7

8  DATED:  April 28, 2015             Respectfully submitted,

9                                        QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP

10

11                                    */s/ Robert W. Stone*
                                      Robert W. Stone

12                                      *Attorneys for Defendant IBM Corporation*

13

14

15

16  PURSUANT TO STIPULATION, IT IS SO ORDERED.

17

18  DATED: April 30, 2015

                                   THE HONORABLE JON S. TIGAR

19                                   UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS,
HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name] declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Twin Peaks Software Inc. v. IBM Corporation*, Case No. 14-CV-03933-JST.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS,
HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS