| | |
|---|---|
| BRUCE J. WECKER (CA Bar. No. 078530)<br>bwecker@hausfeldllp.com<br>CHRISTOPHER L. LEBSOCK (CA Bar No.184546)<br>clebsock@hausfeldllp.com<br>**HAUSFELD LLP**<br>44 Montgomery Street, Suite 3400<br>San Francisco, CA 94104<br>Tel: (415) 633-1908<br>Fax: (415) 358-4980 | Robert W. Stone (CA Bar No. 163513)<br>robertstone@quinnemanuel.com<br>Andrew J. Bramhall (CA Bar No. 253115)<br>andrewbramhall@quinnemanuel.com<br>Brice C. Lynch (CA Bar No. 288567)<br>bricelynch@quinnemanuel.com<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Tel: 650.801.5000<br>Fax: 650.801.5100 |
| *Attorneys for Plaintiff Twin Peaks Software Inc.* | *Attorneys for Defendant IBM Corporation* |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| TWIN PEAKS SOFTWARE INC., a California company<br><br>        Plaintiff,<br><br>    vs.<br><br>IBM CORPORATION, a New York corporation,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:14-cv-03933-JST<br><br>**STIPULATION & [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR PATENT LITIGATION** |

Upon the stipulation of the parties, the Court ORDERS that responsive electronically stored information ("ESI") will be produced as follows:

1.   All documents will be exchanged on discs, by e-mail, or other digital storage medium (including but not limited to "zip" files and FTP transfer).

2.   The parties will produce ESI as single-page, black and white Group IV .tiff images. The ESI shall be produced with production numbers, and appropriate image-based or data "load" files, as necessary.  The parties shall meet and confer on the appropriate "load" files to accompany

their respective document productions. At a minimum, the "load" files must provide the location and unitization of the .tiff files. Native files of ESI may be produced at the producing party's discretion when reasonably necessary to make the information contained therein accessible (this would include, for example, spreadsheets or other data compilations) and upon reasonable request of the requesting party. To the extent the ESI originally existed in text-searchable format independent of this litigation, the ESI shall be produced with searchable text.

3. The parties will not be required to produce metadata accompanying otherwise responsive ESI absent a showing of good cause; and the parties are not required to preserve metadata fields accompanying otherwise responsive ESI that are frequently updated in the ordinary course of business such as last-opened dates.

4. Absent a showing of good cause, voice-mails, instant messages, text messages (MMS or SMS) as well as mobile devices such as tablets, PDAs, and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

5. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

6. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

7. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances.

8. Absent a showing of good cause, email production requests shall be limited to five custodians selected by the requesting party. The email production requests shall identify the custodian by name for the search of the proposed responsive ESI. Each requesting party shall limit its e-mail production requests to a total of five search terms per custodian. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple

1  words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single
2  search term.  A disjunctive combination of multiple words or phrases (e.g., "computer" or
3  "system") broadens the search, and thus each word or phrase shall count as a separate search term
4  unless they are variants of the same word.  Use of narrowing search criteria (e.g., "and," "but not,"
5  "w/x") is encouraged to limit the production.

6       9.   Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a
7  privileged or work product protected ESI is not a waiver in the pending case or in any other
8  federal or state proceeding.  The production of later claimed privileged material within the ESI
9  produced in this litigation shall be considered an inadvertent production under Rule 502 and shall
10 not itself constitute a waiver for any purpose.

11      10.  The parties may jointly agree to modify this limit without the Court's leave.  The
12 Court shall consider contested requests for up to five additional custodians per producing party or
13 additional search terms, upon showing a distinct need based on the size, complexity, and issues of
14 this specific case.  Cost-shifting may be considered as part of any such request.

**IT IS SO STIPULATED**, THROUGH COUNSEL OF RECORD.

DATED: April 28, 2015                Respectfully submitted,

                                     HAUSFELD LLP


                                     */s/ Bruce Wecker*
                                     Bruce Wecker
                                     *Attorneys for Plaintiff Twin Peaks Software Inc.*


DATED:  April 28, 2015               Respectfully submitted,

                                     QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP


                                     */s/ Robert W. Stone*
                                     Robert W. Stone
                                     *Attorneys for Defendant IBM Corporation*

**IT IS ORDERED** that the forgoing Agreement is approved.

DATED: April 30, 2015

_____
THE HONORABLE JON S. TIGAR
UNITED STATES DISTRICT JUDGE